IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIAS JAUREGUI,<br><br>        Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent.<br>_____ | ) Civ. No. 12-00665 JMS-RLP<br>) Cr. No. 05-00190-04 JMS<br>)<br>)<br>) ORDER: 1) DENYING MOTION<br>) UNDER 28 U.S.C. § 2255 TO<br>) VACATE, SET ASIDE, OR CORRECT<br>) SENTENCE BY A PERSON IN<br>) FEDERAL CUSTODY; AND<br>) 2) DENYING CERTIFICATE OF<br>) APPEALABILITY<br>) |

**<u>ORDER: 1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND 2) DENYING CERTIFICATE OF APPEALABILITY</u>**

### I. <u>INTRODUCTION</u>

Petitioner Elias Jauregui ("Jauregui") has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody (the "Petition"). Because the Petition is time-barred, it is DENIED. Further, because the Petition is so clearly time-barred, the court declines to enter a certificate of appealability.

### II. <u>BACKGROUND</u>

The Petition arises from Jauregui's January 4, 2007 guilty plea to two Counts of a Second Superseding Indictment involving a drug distribution

conspiracy. Doc. No. 252 (Cr. No. 05-00190-04 JMS). On July 12, 2007, the court sentenced Jauregui to 240-months incarceration on each Count, with terms to be served concurrently. Doc. No. 347. Judgment was entered on July 17, 2007. Doc. No. 354. On July 19, 2007, and July 25, 2007, Jauregui filed Notices of Appeal.[1] On January 21, 2009, the judgment was affirmed by the Ninth Circuit Court of Appeals, Doc. No. 434, and the mandate issued on March 16, 2009. Doc. No. 438. As a result, the time to petition to the U.S. Supreme Court for writ of certiorari expired on or about April 21, 2009. Jauregui, however, did not file this Petition until December 10, 2012 -- almost three years and eight months after that time expired.

Because the Petition appeared time-barred, the court issued Jauregui a December 13, 2012 Order to Show Cause ("OSC") why his Petition should not be denied as time-barred. Doc. No. 446.[2] Specifically, after setting forth the appropriate legal framework, the OSC ordered Jauregui "to SHOW CAUSE why the Petition should not be dismissed as barred by the statute of limitations."

---

[1] The first Notice of Appeal was filed pro se. Doc. No. 357. The second was filed by appointed counsel. Doc. No. 360. The first appeal was later dismissed as duplicative. Doc. No. 371.

[2] Although the court may raise a statute of limitations issue sua sponte, it may not dismiss a Petition without first giving the movant notice that the motion is subject to dismissal as untimely and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006).

Jauregui filed a response to the OSC on January 28, 2013. Doc. No. 447. After reviewing the Petition and the response to the OSC, the court determines that the Petition is time-barred and thus is DENIED.

### III. ANALYSIS

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petition is not timely under § 2255(f)(1). In this instance, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Ninth Circuit affirmed Jauregui's conviction and sentence on January 21, 2009 (although the mandate issued on

March 16, 2009). Jauregui did not file a petition for writ of certiorari. Thus, the conviction became final ninety days after January 21, 2009. *See id.* at 527 (reasoning that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)") (quoting Supreme Court Rule 13(3)). That is, Jauregui's conviction became final on April 21, 2009, which is ninety calendar days after January 21, 2009. Therefore, although Jauregui had one year from that date to file the Petition, he filed it on December 10, 2012 -- almost two years and eight months late given the one-year deadline outlined in § 2255(f)(1).

Sections 2255(f)(2) and (f)(3) also fail to provide Jauregui any relief -- Jauregui is not asserting that a governmental impediment prevented him from bringing this action, and he points to no Supreme Court decision newly recognizing rights asserted in the Petition.

Further, based on what is provided in the Petition and Jauregui's response to the OSC, § 2255(f)(4) does not apply. Section 2255(f)(4) tolls the statute of imitations until the date on which the *facts* supporting the claim or claims could have been discovered through the exercise of reasonable diligence. This provision "does not require the maximum feasible diligence, only due, or

4

reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000)). In other words, reasonable diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Rather, a prisoner must "make *reasonable* efforts to discover the facts supporting his claims." *Id.*

Jauregui attached a letter dated September 24, 2012 from the Superior Court of California to Jauregui, indicating that Jauregui requested "copies of any indictment in case 176933, MPD#98-12125, bkg # 444355 and No. 344179," and was told that "it appears that there was never an indictment in this case." Doc. No. 445, Ex. A. That document, however, does not help Jauregui. Although tolling is allowed in some circumstances when a prisoner is unaware of facts that could support his claim, *see, e.g.*, *United States v. Battles*, 362 F.3d 1195, 1199 (9th Cir. 2004), the prisoner must still act with reasonable diligence. Here, nothing in the letter of September 24, 2012 indicates that Jauregui was reasonably diligent in seeking to obtain information about his prior conviction (even if his prior conviction from 1998, *see* Presentence Report at 16 ¶ 49, was not based on an indictment, and even assuming that would be relevant). The information referred to in the September 2012 letter was available since 1998, and Jauregui does not

dispute that he was in fact convicted previously in state court. Section 2255 contains a clear policy of promptness in filing petitions, *see Anjulo-Lopez*, 541 F.3d at 819, and Jauregui does not fulfill that policy as he certainly could have obtained any information regarding his prior conviction within the one-year limitations period.

In his response to the OSC, Jauregui claims that he was sufficiently diligent, but wholly fails to explain how he was diligent. The fact that he may have been attempting to discover information from his trial counsel does not excuse the lack of diligence from the time of his sentencing in July, 2007 until September 2012. Jauregui, with due diligence, certainly could have obtained the exact information contained in the September 2012 letter within the one-year statute of limitations.[3]

Similarly, the Petition does not indicate any circumstances that would entitle Jauregui to equitable tolling. "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the]

---

[3] Jauregui also appears to argue that his can make a showing of "cause and prejudice," and thus his claim should be considered timely. A cause and prejudice analysis, however, relates to whether or not a procedural bar applies to habeas claims, not the operation of the statute of limitations.

untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation signals and citation omitted). "A litigant seeking equitable tolling . . . bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Jauregui has shown neither.

Jauregui's Petition is DENIED.

## IV. **CERTIFICATE OF APPEALABILITY**

In dismissing the Petition, the court must also address whether Jauregui should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and internal quotation marks omitted). The standard

"requires something more than the absence of frivolity but something less than a merits determination." *Id.* (internal quotation marks omitted).

The court carefully reviewed whether Jauregui's claims are timely, outlined the statute of limitations for Jauregui, and provided the opportunity for him to explain why the Petition is timely. He failed to do so. Based on the above analysis, the court finds that reasonable jurists would not find the court's rulings debatable. Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jauregui v. United States*, Civ. No. 12-00665 JMS-RLP, Cr. No. 05-00190 (04) JMS, Order: 1) Denying Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and 2) Denying Certificate of Appealability